## HOWARD D. BOWEN *v.* EMMA METCALF NAKUINA.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MARCH 3, 1913.                    DECIDED MARCH 11, 1913.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MORTGAGES—*foreclosure for default in payment of interest—insufficency of tender.*

> In a suit for the foreclosure, for default in the payment of interest, of a mortgage providing that upon default in payment of the principal or the interest the mortgagee may foreclose and apply the proceeds of the sale as far as necessary to the payment of the principal, the interest and the costs, including a reasonable attorney's fee, tender of the amount of the interest and the costs of court is, in the absence of other defenses, and without a tender of a reasonable attorney's fee for services to date of tender, insufficient to ward off foreclosure.

Bowen v. Nakuina, 21 Haw. 470.

PLEADING—*replication in equity—curing failure to reply.*

> If a complainant has omitted to file a replication within the
> time limited by rule, the court may grant leave to file it after-
> wards. When proof is necessary to a proper understanding of
> the case and a hearing upon bill and answer alone may work
> injustice to the complainant and the filing of a replication will
> cause no prejudice to respondent, leave to file one should be
> granted, at least when applied for without unreasonable delay
> and before the trial is commenced.

## OPINION OF THE COURT BY PERRY, J.

This is a suit in equity to foreclose a mortgage given to secure
a note for $2000 bearing interest at six per cent. per annum.
The mortgage, a copy of which is made a part of the bill, was
executed February 10, 1912.   Alleging non-payment of the first
instalment of interest, due August 10, 1912, the suit was insti-
tuted on December 2, 1912.   Respondent's answer was filed on
January 7, 1913, admitting that the interest remained unpaid,
alleging that "for the purpose of paying said interest   *   *   *
defendant sought the plaintiff herein but was unable to reach
or find him" or any duly authorized agent of his, charging
that "plaintiff purposely avoided defendant for the purpose of
compelling a breach of the covenant to pay said interest" and
making tender of the sum of $75 for the interest due and for
costs.   January 20, 1913, the parties filed a written stipulation
that the suit be "set down for hearing and be heard" on Jan-
uary 25.   On the date named, respondent moved that, no repli-
cation having been filed, the bill be dismissed on the pleadings.
Counsel for complainant thereupon stated that his understand-
ing was that the only pleadings required were a bill and an
answer and that the cause was at issue and that he was ready
to prove his bill, but that if a replication was by the court
deemed necessary he would file one.   The court ruled that a
replication was necessary, refused leave to complainant to file
one and, regarding the answer as true, dismissed the bill.   From
the decree to that effect complainant appeals.

In the mortgage the mortgagor covenanted, *inter alia,* to pay the interest semi-annually on the 10th days of August and February in each year and it was expressly provided that if default should be made "in payment of the principal money hereby secured within the time limited for the payment thereof or in the payment of the interest thereon as herein provided for, or in case of the breach of any of the covenants and conditions" contained in the instrument, the mortgagee should have full power and authority to foreclose the mortgage by a suit in equity and to apply the proceeds of the sale as far as necessary to the payment of the principal, interest and costs, including a reasonable attorney's fee. Upon breach of the covenant relating to the payment of interest the mortgagee was entitled to institute a suit for foreclosure and to employ counsel for the purpose in reliance upon the mortgagor's contract to pay the attorney's fee out of the proceeds of the sale. While there are authorities to the contrary we believe the better rule to be that when, under a mortgage with provisions such as those contained in that involved in this suit, a tender is made by the mortgagor, after commencement of the suit, in order to ward off foreclosure, the amount of a reasonable fee for the services of the mortgagee's attorney rendered in the suit to date of tender must be included in the offer. The party seeking relief against the forfeiture must tender sufficient to make the other party whole. The tender of $75 was intended to include payment of the first instalment of interest, $60, and the costs of court and of itself was plainly insufficient to ward off foreclosure. No offer was made of the amount of an attorney's fee. Whether the tender should also include the amount of the principal of the mortgage need not be determined on this appeal.

The complainant offered to file a replication denying the truth of the allegations of the answer as to the mortgagee compelling a breach of the covenant relating to interest and to prove his bill. He should have been permitted to do so even though a circuit court rule required that replications be filed "within

ten days after service of the pleading to which reply is made."
A replication is a mere formal pleading and if a complainant
has omitted to file one at the proper time, the court may allow
it to be filed afterwards.    The trial had not commenced when
application was made for leave to present one.    If respondent
desired a continuance for the purpose of producing witnesses to
meet the issues raised by the replication she could have obtained
one readily.    The granting of the desired permission could not
possibly have prejudiced respondent, while its refusal might
have resulted in grave prejudice to complainant.    In the dis-
missal of the bill the complainant was denied all relief in spite
of the admitted existence of the mortgage debt and non-payment
of the interest and without an opportunity having been accorded
him to present, upon the only disputed point, the proof which
he offered, to the effect that he did not compel the breach of the
covenant.

The decree appealed from is reversed and the cause remanded
with directions to permit the complainant to file a replication
and for further proceedings not inconsistent with this opinion.

*G. A. Davis* for complainant.

*R. P. Quarles* (*Andrews & Quarles* on the brief) for re-
spondent.